IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NICHOLAS JAMES FURNER,<br><br>            Plaintiff,<br><br>vs.<br><br>HENNESSY INDUSTRIES, INC. dba COATS, and JOHN DOE,<br><br>            Defendants. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 2:06 CV 458 |

    This case came before the court after Defendant Hennessy Industries, Inc. filed a Notice of Removal under 28 U.S.C. § 1441.  Hennessy asserted that removal was proper because this court has original jurisdiction, under 28 U.S.C. § 1332, over the Plaintiff's claims.  Six days later this court entered an Order to Show Cause requiring the Defendants to show why this action should not be dismissed for the failure to establish that the amount in controversy exceeds $75,000.00, a prerequisite to jurisdiction under 28 U.S.C. § 1332.

    Defendants requested and received additional time to respond to the Order to Show Cause.  With the extended deadline looming, Defendants have now filed a request to enable them to engaged in limited discovery regarding the amount in controversy and have also requested that the court either expedite that discovery or once again grant Defendants a time extension.  The court grants no relief because it concludes that subject-matter jurisdiction is lacking.

    "[T]here is a presumption against removal jurisdiction."  Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995).  "The burden is on the party requesting removal to set forth, in

the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" Id. (quoting Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992)).  Laughlin makes clear that a removing party must establish that diversity jurisdiction exists at the time the notice of removal is filed.  See id. ("Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice.")

The requirements outlined in Laughlin are not met in this case.  The Plaintiff has not specified in his complaint the amount of damages he is seeking and Defendants made no representation in their Notice of Removal that the amount in controversy exceeds $75,000.00.  Accordingly, at the time the Defendants sought removal, the amount in controversy was not adequately established and this court lacks subject-matter jurisdiction.

For the foregoing reasons, all pending motions in this case are denied as moot and the case is remanded to the Third Judicial Court in Salt Lake County, Utah.

SO ORDERED this 26th day of July, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge